CARL T. C. GUTIERREZ and GERALDINE GUTIERREZ, Appellants

v.

PEDRO C. TOVES, Director of Public Works, in his capacity as the enforcement official of the Building Law of Guam, and CARL PETERSON, FRANCISCO CRUZ, JOSE C. CARLOS, EDWARD CRAIN, FRANK PEREZ, members of the Territorial Planning Commission, Appellees

Civil No. 102-A

District Court of Guam

Appellate Division

August 16, 1974

Before WILLIAMS, TURNER and BENSON, *Judges*

TURNER, *Designated Judge*

## OPINION

█ The controversy was brought to the Island Court by the appellants after they had been denied a zoning variance which would permit construction of a second storey room upon a carport which did not conform to zoning setback line requirements. The trial court held denial of the variance permitting construction of the second storey den by the Territorial Planning Commission was not an abuse of discretion and therefore the denial was valid as a matter of law.

We affirm.

█ The Island Court made no finding of facts and we cannot do so but we do find the evidence supports the court's conclusions and they are not, therefore, "clearly erroneous." The court permitted appellant to "use and enjoy" the completed carport without the den, even though, strangely enough, appellant challenges the validity of the permit under which it was constructed. On the basis of that challenge we could, and perhaps should, reverse and remand with direction the carport be removed.

The appellant challenged the authority of the building inspector to delete the second storey den, urging in support Section 31026(b), Guam Government Code, to the effect that if an application is not in conformity with zoning or building law the permit shall not issue, the plans of the applicant shall be returned with a written reason for denial. Issuance of a permit under the circumstances says appellant, is contrary to the statute. If that is so, then the permit was void and construction of the carport without lawful authority.

The more generous view of the trial court which permits appellant to retain the carport may be sustained as a matter of law by Section 31030(b) Government Code, which permits the building inspector to correct "any errors" in the plans and specifications. By its judgment the trial court treated the deletion of the second storey den as a proper correction of the plans.

The sole controverted issue was whether the denial of a variance from the fifteen foot setback line was arbitrary or not and depends upon whether appellants were able to bring themselves within the statute, Section 17300(d), permitting restoration of a partially destroyed nonconforming building. To do this he was required to prove the existence of the carport prior to Typhoon Karen in 1962, which purportedly destroyed the carport.

Passing the question whether the delay of ten years in seeking to restore a nonconforming use constituted an abandonment and therefore required denial of restoration, because the question was not raised in the trial court nor on appeal, we consider the effect of the conflict of evidence as to whether a carport was in existence prior to Typhoon Karen. The trial court did not resolve the conflict by a finding. The court merely concluded there was no abuse of discretion by the Territorial Planning Commission

in its denial of a variance to permit construction of the second storey den. As to the carport itself, the trial court's conclusion appellant may retain the carport as built, without the den, the court necessarily concluded the prior non-conforming carport was restored, thus resolving the conflict in evidence as to the prior existence of the carport.

There was no evidence as to the prior existence of a second storey den and there was no statutory authority to permit its construction contrary to the zoning setback requirements. The denial of variance was not arbitrary, which is the basis for any reversal of the Planning Commission decision.

Upon the entire record the judgment of the Island Court is supported by evidence and law and is affirmed.